## BRETT v. MYERS.

1. **Practice:** MOTION TO CANCEL JUDGMENT: AUTHORITY OF COURT. In the absence of statutory authority, a court has no jurisdiction to cancel a judgment on motion based upon grounds existing prior to its rendition. Section 2867 of the Code does not give such authority.

2. **Appeal to Supreme Court:** TRIAL DE NOVO: SUMMARY PROCEEDINGS. This court has no jurisdiction to try *de novo* a cause prosecuted by summary proceedings.

*Appeal from Butler Circuit Court.*

MONDAY, DECEMBER 8.

THE defendant, by motion in the circuit court, sought the discharge and cancellation of a decree and judgment rendered

in this case, which is an action for foreclosure of a mortgage. The motion was overruled. Defendant appeals.

*A. F. Brown*, for appellant.

*Gibson & Dawson*, for appellee.

BECK, J.—I. The motion is based upon an agreement and settlement, entered into by the parties before the decree, which defendant insists he performed,—claiming that the decree and judgment should be declared satisfied and be canceled. Counsel for defendant insists that Code, § 2867, confers authority upon the court to entertain the motion. It cannot be claimed that, in the absence of statutory authority, the court has jurisdiction by motion to cancel a judgment. The section cited is clearly not applicable to this case, for it confers authority to discharge a judgment only for matters arising after its rendition. The agreement, which is the foundation of defendant's motion, is a matter which existed before the judgment.

II. But, even should we take cognizance of the case, we could not disturb the decision of the court below. The case, as presented by the motion, is not triable in this court *de novo*. It is a special summary proceeding. Code, §§ 2906, 2506. This court has appellate jurisdiction only in actions in chancery, and it is a court for the correction of errors in all other cases cognizable here. Const., art. 5, § 4. The cause must therefore be considered only upon errors.

The only error assigned is that the decision of the circuit court is in conflict with the evidence. But the testimony is conflicting, and it cannot be held that the judgment is so in conflict therewith that it cannot stand.

AFFIRMED.