L. B. DUNTON v. THOMAS McCOOK, Appellant, A. E. MUNSON, Administrator of Estate of A. F. Tyrrell, Deceased, AND HATTIE M. MUNSON *et al.*, Heir-at-law of A. F. Tyrrell, Appellees, AND BLAKE & COMPANY, v. THOMAS McCOOK, Garnishee, Appellant.

Jurisdiction: APPEAL: REVIVAL OF CAUSE. The district court
1    loses jurisdiction of the parties and the subject-matter of the suit when an appeal is taken, and upon affirmance of the decree without an order remanding the cause the issuance of a *procedendo* will not revive it.

**Enforcement of Judgment.** Although an appeal deprives the district court of jurisdiction of the action, it still has power, on affirmance of its decree, to enforce its judgment by proper orders.

**Discharge of Judgment:** Anyone interested in the enforcement of a judgment, having matters of discharge which have arisen since the decree, may, upon motion, under the statute and in a summary way have the same discharged.

**Same.** Where a decree is affirmed, which determines that defendant holds title as trustee which may be devested on payment of a fixed sum, it is proper for the *cestui que* trust to show that since the rendition of the decree defendant has been wholly or partially paid from rents and profits arising from the land; and this may be done on a supplemental petition.

**Issues Subsequent to Decree:** DETERMINATION OF: Where the defendant raises issues in his answer to a supplemental petition to discharge a judgment, he cannot complain that the court was without jurisdiction to try and determine all the issues raised subsequent to the entry of the original decree.

**Adverse Possession:** CLAIM FOR RENTS. Any claim of defendant to the property by adverse possession, or to rents therefrom which the decree adjudged him to hold as trustee subject to payment of the amount due him, cannot antedate the entry of such decree.

*Appeal from Mitchell District Court.*—HON. CLIFFORD P. SMITH, Judge.

MONDAY, MAY 18, 1903.

IN *Dunton v. McCook*, 93 Iowa, 258, this court affirmed a decree of the district court, entered May 18, 1892, to the effect that a deed of certain real estate executed by A. F. Tyrrell to Thomas McCook in 1875 was in fact a mortgage to secure the payment of certain advances made by the latter from sales, and rents and profits collected; that upon accounting $524.44 was still owing January 1, 1890; that upon payment thereof "said Tyrrell will be entitled to a reconveyance of the premises remaining unsold, and upon payment of said sum it is ordered that said defendant McCook reconvey said premises to the said defendant Tyrrell,

and, upon failure to so convey, the judgment and decree shall have the full force and effect of such a reconveyance." The judgments of Dunton were also decreed to be liens on the premises. A rehearing was denied June 1st, and a procedendo filed in the district court June 22, 1895; and on the 6th of February, 1896, leave was asked by plaintiff to file a supplemental petition. Over McCook's objections, such leave was granted, and the petition filed May 9, 1896, in which, after giving a history of the case, it was alleged that McCook had been in possession of the premises since January 1, 1890, and had received more than enough rents and profits to cover the balance due him; and an accounting was prayed, and also a decree that his claim be satisfied, and the relief previously awarded enforced. The defendant McCook's motion to strike, and demurrer, on the ground of such a pleading not being permissible after final decree, were overruled, and he then answered. Tyrrell having died May 22, 1896, his administrator, A. T. Munson, was substituted as party defendant, and in his answer, filed October 11, 1898, admitted plaintiff's allegations, and alleged the right to immediate possession. October 1, 1901, plaintiff, by leave of court, made the heirs of Tyrrell parties defendant; and thereupon they and the administrator, in addition to admitting the facts as pleaded by plaintiff, asked to be awarded the rents and profits found due, and the title to the property. Upon hearing the court found the indebtedness to McCook was canceled by rents and profits collected up to February 2, 1896; that he should account to the administrator from the time of Tyrrell's death, $64; that he should account to the heirs from that time to the date of the trial, October 2, 1901, in the sum of $888, less $150 directed to be paid on garnishment—and entered a decree accordingly, and also awarded said heirs immediate possession, and confirmed the liens of plaintiff's judgments, directing sale thereunder. The defendant McCook appeals.—*Affirmed.*

*John McCook* and *G. E. Marsh* for appellant.

*W. L. Eaton* for appellees.

LADD, J.—The original decree in this case was entered in the district court May 18, 1892. Upon appeal that court lost jurisdiction. As said in *Levi v. Karrick*, 15 Iowa, 444: "When appeal is taken, all power of the court below over the parties and subject-matter is lost until the cause, or some part thereof, is remanded back, by order of this court, for its further action." *McGlaughlin v. O'Rourke*, 12 Iowa, 459; *Stillman v. Rosenberg*, 111 Iowa, 322. But pending such appeal the decree continued in full force for all purposes. *Watson v. Richardson*, 110 Iowa, 698. It was affirmed in this court January 18, 1895, and petition for rehearing denied June 1st of that year. That ended the suit. Thereafter it was pending in neither court. The affirmance was merely a ratification of what had been done in the lower court, and left the parties in precisely the same situation as though no appeal had been taken. *U. S. v. Jones*, 26 Fed. Cas. 638 (No. 15,492); *Steinback v. Stewart*, 11 Wall. 566 (20 L. Ed. 56); 3 Cyc. 422; *Werborn v. Pinney*, 76 Ala. 291. Under our practice a new decree is not entered in the Supreme Court upon affirmance, but that of the court below confirmed, with a judgment for costs added. As the cause was not remanded for any purpose, the district court did not acquire jurisdiction to retry any of the issues subsequent to appeal. The suit having been terminated, the clerk could not revive or open it again by issuing a procedendo. The only purpose for that process in such a case is to notify the district court that it is at liberty to enforce its decree. In *Steel v. Long*, (Iowa) 84 N. W. Rep. 677, an order of the district court striking a cross-petition filed subsequent to the affirmance of the original decree was approved, the court saying: "Not a thing remained for the trial court to do, nor was it directed to take further

*1. JURISDICTION: appeal: revival of cause.*

action in the matter. The original action was therefore at an end, so far, at least, as the district court was concerned, and the defendant had no right to then file a cross-petition. If the position contended for by appellants were tenable, there would be no end to a cause of action. If a cross-petition may be filed and new parties brought in one week after final determination by decree it might, under such circumstances, be permitted one, two or three years thereafter." To the same effect, see *McCall v. Webb*, 126 N. C. 760 (36 S. E. Rep. 174); *Greenwood Township v. Richardson*, (Kan.) 62 Pac. Rep. 430; *Herstein v. Walker*, 90 Ala. 477 (7 South. Rep. 821). So far as the questions at issue were concerned, the suit, upon affirmance, became a part of the irrevocable past.

II. But no attempt was made in the subsequent pleadings to change or modify the decree. The object sought related solely to the enforcement of that already

2. ENFORCE-
MENT of
judgment.

rendered. True, the pleading filed by plaintiff is designated a "supplemental petition," and, as contended, was not such as is contemplated by section 3641 of the Code. *Leach v. Germania Building Ass'n*, 102 Iowa, 125; *Foote v. Burlington Gaslight Co.*, 103 Iowa, 576; *Allen v. Davenport*, 115 Iowa, 20. But the name by which it was labeled is not material. Though the court had lost jurisdiction of the suit, it had not of the decree. It still retained the inherent power to enter appropriate orders for its enforcement. In *Hartley v. Bartruff*, 112 Iowa, 592, in approving an order extending the time fixed in the decree for redemption, we said: "The manner and time of carrying a decision into effect never rests upon evidence, in the sense that evidence controls these questions. These are always to be determined by the court, unaffected by the proof; and we can conceive of no good reason why, in a proper case, a decree may not be modified in the respect proposed." One of the advantages of a court of equity is that its decrees may not only be

so framed and molded as to protect the relative rights and
duties of the parties, but its execution may be controlled,
or even suspended for a time, as exigencies arising may
require. Formerly decrees were executed by the parties;
their obedience being compelled by proceedings in the
nature of punishment for contempt, attachment, or
sequestration. Statutes providing for other methods of
enforcement, as by execution, are not usually construed to
deprive the court of the power of general supervision of
the enforcement of its decrees. Moreover, our statute
expressly authorizes: "A defendant against whom a judg-
ment has been rendered, or any person interested therein,
**3. DISCHARGE** having matter of discharge which has arisen
**of judgment.** since the judgment, may upon motion, in a
summary way, have the same discharged, either in whole
or in part, according to the circumstances." By "defend-
ant" is meant the party against whom the judgment or
decree has been entered, and not necessarily the defend-
ant in the suit; and the term "judgment" is employed in
the statutory sense, being any "final adjudication of the
rights of the parties in an action." Section 3769, Code.

The original decree determined that McCook held title
as trustee, which might be divested upon the payment of
a fixed amount by Tyrrell. If, because of matters trans-
piring subsequent to the entry of decree, Mc-
**4. SAME.** Ocok had been partially or fully paid, either
from rents and profits by him collected, or from any other
source, plaintiff or Tyrrell had the undoubted right to in-
voke the jurisdiction of the court, either under the statute
quoted, or by virtue of the inherent powers a court of
equity may exercise over its decrees, and have the demand,
to that extent, satisfied. That this was done by a plead-
ing denominated a "supplemental petition," instead of a
motion, ought not to deprive them of the remedy.

But for the answer of defendant, it should have been treated as a motion, and all therein aside from that relating to a proper accounting and application of the rents regarded as surplusage. And had McCook been content to submit plaintiff's motion, without raising other issues, there might be something in his objections to the petitions of intervention by the administrator and heirs of Tyrrell. Instead of doing so, he filed an elaborate answer, in six divisions, to which two amendments were added in 1901. The portions remaining after the rulings on demurrers and motion were that defendant had collected rents amounting to $2,104.16, and paid out $534.40; asked an allowance for services of $50 per year; that he had denied Tyrrell's right to the property in 1886 or 1888, and no effort had been made to enforce the decree or make redemption; that he had been in adverse possession, and the right to the land and the rents had been lost by the running of the statute of limitations. Having raised these issues, he is not in a situation to say that the court might not consider and pass upon any issues raised subsequent to the entry of the original decree. They directly affected the interests of the administrator and heirs, for the former was entitled to the rents collected prior to Tyrrell's death, and the latter to those collected thereafter. To protect these and the heirs' claim to the property, they had the right to intervene and by so doing acquiesced in the trial of the issues raised by the defendant. To their petitions he interposed substantially the same matters in defense, and also pleaded that he had been garnished as the supposed debtor of Tyrrell. It is the defendant, then, who has injected matter in this proceeding more appropriate to another action. Having done so, and all issues raised having been voluntarily submitted to the court, it acquired jurisdiction over the parties and subject-matter.

5. ISSUES subsequent to decree: determination of.

III.    Appellant argues that there has been an unreas-
onable delay in enforcing the former decree.    It was not
approved by this court until January 18, 1895.    Leave to

6. ADVERSE        file the petition was procured February 6,
possession:      1896, and it was filed in July following.    De-
claim for
rents.           fendant had been fully paid by rents collected
when leave was sought, and prior thereto there had not been
such laches as should deprive the parties of the benefit of
the decree.    No obstructions were interposed to compli-
ance therewith by him.    For all that appears from the
record, he was as much at fault for the delay since as
others.    The decree defined the rights of the respective
parties, and any claim of defendant by way of adverse
possession cannot antedate its entry.    It seems needless
to add that the statute of limitations has not run against
the decree.

Other matters discussed were disposed of in the pre-
vious opinion.

The decree of the district court is affirmed, with direc-
tion that the cause be remanded only for the purpose of
taking an accounting between the heirs and defendant for
rents and profits from the date of the last decree up to the
present time, and thereupon entering judgment for the
amount found owing either party.—AFFIRMED and RE-
MANDED.

SHERWIN, J., took no part.