STACEY F. HAYNIE, Appellee, v. J. E. MAY et al., Appellants.

No. 45153.

APRIL 2, 1940.

J. J. Ferguson, for appellants.

Cook & Cook, for appellee.

STIGER, J.—Section 13, Township 73, Range 44, Mills county, lies immediately north of Section 24. Plaintiff claims

to be the owner of certain land in place in Section 13, that is, all land in the section which had not been taken by the Missouri river and accretions thereto. Prior to 1924, plaintiff was the owner of the northeast quarter of the northeast quarter of Section 24 and in that year contracted to sell the land to Owens who assigned the contract to defendant J. E. May. After May completed payments due on the contract, plaintiff tendered him a deed which May refused as not being in compliance with the terms of the contract. After a considerable amount of litigation between the parties, a decree was entered on July 26, 1932, in the case of Stacey F. Haynie v. J. E. May et al., No. 12812, establishing title in May to the northeast quarter of the northeast quarter of said Section 24 and the accretions thereto described as follows:

"All land between said forty-acre tract and the Missouri River, bounded on the North by the North line of said Section Twenty-four, extended West to the Missouri River, and on the South by the center line of the North half of said Section Twenty-four extended West to the Missouri River, all in Mills County, Iowa."

There was a dispute between Haynie and May over the true boundary line between their lands.

When plaintiff attempted to build his fence along the north line of Section 24, defendant resisted and plaintiff brought this suit to restrain defendant from in any way interfering with the erection of the fence. In an amendment to the petition, plaintiff asked the court to appoint a commissioner to establish the line between the sections under the provisions of chapter 521, 1935 Code. The decree entered in the case appointed a commissioner to survey and locate the boundary line between the northeast quarter of the northeast quarter of Section 24 and the accretions belonging thereto and the southeast quarter of Section 13 and its accretions and to make a report to the court.

The boundary line dispute is not involved in this appeal.

It is the issue raised by defendant's cross-petition and plaintiff's answer, which will be referred to, that is presented to us.

In another suit between the parties, defendant was granted an easement over plaintiff's land along the east line of the west one half of the southeast quarter of Section 13 to a highway. Subsequently, and on December 21, 1934, plaintiff executed to defendant a quitclaim deed to "all that part of the West ten feet (W. 10 Ft.) of the East Half (E.½) of the Southeast Quarter (SE¼) of Section Thirteen (13), Township Seventy-three (73), Range Forty-four (44), West of the 5th P. M., lying South of the private driveway of grantors." This latter strip of land adjoins the easement on the east.

Defendant filed a cross-petition alleging the quitclaim deed carried with it the accreted lands lying to the west of the land conveyed which accretions, over 100 acres, lie immediately north of defendant's accreted lands in Section 24, and asked that title to the accreted lands be quieted in defendant. Plaintiff, in his answer, alleged that the right of way that defendant had across his land was not satisfactory to defendant because of irregularity in the fence line on the east side of the easement and at the request of the defendant he gave him the 10-foot strip across his land to furnish him a wider, better way over plaintiff's land to the highway; that the deed was made without consideration and with no intention on the part of the defendant or on the part of the plaintiff that there should be conveyed more than the 10 feet described in said deed; that "if said deed does convey more than said 10 feet of the east half of the southeast quarter, Section 13, above referred to, that the same was an error and the plaintiff herein asks that said deed of conveyance be reformed so as to except therefrom any accretions to said ten-foot strip."

The court found that the quitclaim deed "was executed without consideration other than the change in location of said way provided in the prior suit, and it was not intended by either of the parties thereto that it should convey any accretions, but should only convey the ten-foot strip described therein, and by mutual mistake of all the parties thereto the accretions

to said ten-foot strip were not expressly excepted therefrom, and said deed should be reformed so as to except the accretions from the land conveyed therein. Said defendant, J. E. May, is not entitled to have the title to said accretions quieted in him, and his cross-petition should be dismissed,'' and the decree reformed the deed as prayed by plaintiff.

Attorney Clyde T. Genung, a witness for plaintiff, commenced this suit for plaintiff and withdrew as counsel when defendant filed his cross-petition. He testified:

''Mr. Ferguson [attorney for defendant] came to the office and he said to me that the fence lines on the East side of the easement right of way were not on the line, and they were out of line, and that he thought that it would make a better feeling between the neighbors down there—referring to Mr. Haynie and Mr. May—if I would procure for him a deed from Mr. and Mrs. Haynie to Mr. May for this 10-foot strip of ground that is described in that deed. I said, at the time, well, if it would make for any better feeling, that I would take the matter up with Mr. and Mrs. Haynie and see if they would be willing to grant and to sign a quitclaim deed for the purpose of making the road wider, and so that they could correct up their fences, or whatever condition existed there that they wanted to correct. And he said, well, I wish you would and let me know.''

He further testified that in his conversation with Mr. Ferguson no other consideration was mentioned; that nothing was said about accretions; that before the plaintiff and his wife signed the quitclaim deed he told them in detail about the conversation with Mr. Ferguson. The witness delivered the deed to Mr. Ferguson and stated there was no money or other consideration passed at the time of the delivery of the deed. There was no conversation about the settlement of any other pending matters between the parties at the time of the delivery of the deed. The testimony of Mr. Genung was not denied or contradicted. Mr. Ferguson did not testify. Plaintiff or his tenant was in possession of all the accreted land claimed by defend-

ant under the quitclaim deed from the time of its execution to the time of the trial.

It appears defendant obtained a verdict for $2,700 against plaintiff for rent which judgment was settled in Mr. Genung's office by payment of plaintiff of the sum of $1,700 to the defendant at or about the same time that the transaction about the deed took place.

Defendant testified with reference to the deed that he was informed by his attorney, Mr. Ferguson, that plaintiff desired to discount the judgment a thousand dollars and make a cash settlement and that he told his attorney that if plaintiff would give him the deed he would settle his judgment for $1,700 and that it was on such basis that he authorized the acceptance of the deed by his attorney. However, Mr. Ferguson clearly had authority to represent defendant in the negotiation for the deed and neither defendant nor Mr. Ferguson deny Mr. Genung's testimony about the consideration for the quitclaim deed. Plaintiff denied defendant's testimony and stated the consideration was as related by Mr. Genung.

We are satisfied that the negotiation for the deed and the settlement of the litigation were separate, independent transactions and are convinced that the only purpose of the deed was to provide defendant a more satisfactory road across plaintiff's land to the highway and that neither party intended the accretions lying west of the 10-foot strip to be included in the conveyance.

We are in full accord with the conclusion of the trial court and that part of the decree from which the appeal is taken is affirmed.—Affirmed.

HAMILTON, C. J., and BLISS, OLIVER, MITCHELL, MILLER, SAGER, and HALE, JJ., concur.