JOHN F. KERN, Appellee, v. WOODBURY COUNTY, Appellee; WILLIAM F. LOHR, Appellant.

No. 46475.

JUNE 6, 1944.

REHEARING DENIED SEPTEMBER 23, 1944.

F. W. Lohr, of Sioux City, for appellant.

Shull & Marshall and R. B. Pike, all of Sioux City, for appellees.

OLIVER, J.—This was an action in equity to quiet title to real estate. March 31, 1942, the trial court rendered default against defendant, William F. Lohr, appellant herein, and decree quieting title in plaintiff. April 3, 1942, the trial court set aside the default decree. April 6, 1942, the trial court set aside the order of April 3, 1942, and reinstated the decree of March 31, 1942. Thereafter, defendant Lohr appealed to this court. The decision on appeal, Kern v. Sanborn, 233 Iowa 458, 7 N. W. 2d 801, affirmed the decree of the trial court, and, in accordance therewith, procedendo issued from this court May 9, 1943.

July 29, 1943, counsel for defendant Lohr, without notice to or the knowledge of plaintiff or his attorneys, presented to the trial court a prepared entry, entitled "Final Judgment and Decree," which recited the affirmance by this court of the prior decree of the trial court and (in substantially the language of the original decree) decreed that plaintiff's title to said real estate be quieted. Thereupon the trial court signed said decree and the same was entered of record.

August 9, 1943, defendant Lohr filed in said original action a petition to vacate the judgment of March 31, 1942, and the judgment of July 29, 1943, and for new trial, which asserted (a) unavoidable casualty preventing him from defending (b) irregularity and fraud in obtaining the default decree quieting title (c) irregularity in the entry of the order of April 6, 1942. The grounds relied upon were among those covered by Rule 252 of the Rules of Civil Procedure. Original notice of said petition was served upon plaintiff.

In response thereto plaintiff appeared specially and attacked the jurisdiction of the court. After a hearing, the trial court sustained the special appearance. Defendant Lohr appeals.

Rule 253 provides that a petition for relief under Rule 252 must be filed and original notice served within one year after the rendition of the judgment or order involved.

Appellant asserts the special appearance did not state, as a ground thereof, that his petition for new trial was not timely.

Although the statements on this point were intermingled with other allegations of the special appearance, we think them sufficient to raise this issue.

Appellant's petition for new trial was not made within one year after the rendition of the judgment and orders of March and April 1942. However, it was within one year from the date of the rendition of the so-called "Final Judgment and Decree" in July 1943, after the original decree had been affirmed by this court.

In his special appearance appellee Kern pleaded appellant procured the ex parte entry of the decree after affirmance for the sole purpose of securing an opportunity of making application for new trial under the Rules and statutes of Iowa. Appellee asserts that after affirmance of the decree the trial court was without jurisdiction to render a new judgment and that the decree procured by appellant was a nullity and could not extend the time for petitioning for new trial.

The decision of this court in Kern v. Sanborn, supra, merely affirmed the original decree of the trial court. No judgment was entered in the supreme court. Nor was the case remanded to the trial court. The procedendo gave notice that the decision was affirmed and stated that the trial court should proceed as if no appeal had been taken. In effect, the affirmance was no more than a declaration of the validity of the original judgment and decree.

As stated in Dunton v. McCook, 120 Iowa 444, 447, 94 N. W. 942, 943:

"That ended the suit. Thereafter it was pending in neither court. The affirmance was merely a ratification of what had been done in the lower court, and left the parties in precisely the same situation as though no appeal had been taken. * * * The original action was therefore at an end, so far, at least, as the district court was concerned * * * So far as the questions at issue were concerned, the suit, upon affirmance, became a part of the irrevocable past."

The foregoing decision also states that, though the court had lost jurisdiction of the suit, it had not of the decree and

1324

still retained the inherent power to enter appropriate orders for its enforcement.

In Hogle v. Smith, 136 Iowa 32, 36, 113 N. W. 556, 557, the court said, with reference to equity cases:

"Upon appeal the judgment is affirmed, modified and affirmed, or reversed. Upon affirmance, the trial court has nothing further to do with the case * * * ."

We conclude the trial court was without jurisdiction. to render the ex parte decree of July 29, 1943, and that said decree could not serve as a basis for appellant's application for new trial. Hence, the petition for new trial and service of the original notice thereof were not timely because not made within one year after the rendition of the judgment and orders involved, as required by Rule 253.

The power of the trial court to grant motions for new trial under Rule 252 is based upon and limited by the applicable Rules and statutes. Since the proceedings were not instituted within the time limited by Rule 253, the court had no jurisdiction to consider the petition. Hammon v. Gilson, 227 Iowa 1366, 1374, 291 N. W. 448, 452; Des Moines Union Ry. Co. v. District Court, 170 Iowa 568, 153 N. W. 217; Workman v. District Court, 222 Iowa 364, 269 N. W. 27.

The order sustaining the special appearance is affirmed.—Affirmed.

All Justices concur.