JOE E. MAY, Appellant, v. STACEY F. HAYNIE, Appellee.

No. 46754.

OCTOBER 16, 1945.

Thos. E. Conley and George Evens, both of Omaha, Nebraska, and J. Leo Connolly, of Council Bluffs, for appellant.

Genung & Genung and Cook & Cook, all of Glenwood, for appellee.

SMITH, J.—The petition herein was filed August 25, 1944, and the original notice served September 16, 1944. The petition alleges that in 1938 these parties were engaged in litigation in which appellant herein was defeated because of certain false and fraudulent claims which appellee then made. The decree in that case was entered February 4, 1939, and was affirmed by this court April 2, 1940. Haynie v. May, 228 Iowa 302, 291 N. W. 404. Appellant contends his present claimed right of action did not accrue until the latter date. He concedes that if the alleged "fraud was committed" on or before the earlier

date the decision of the trial court sustaining appellee's motion to dismiss, based upon the statute of limitations, should be affirmed.

The real basis of the present action is not clear from the record. According to appellant's petition, appellee, who was plaintiff in the former case, then claimed in a reply that a certain deed from him to appellant, dated December 21, 1934, was without consideration and intended to convey only a right of way over the strip of land described. Appellant, *in argument*, states that this was supported by "false and fraudulent testimony" upon which the trial court relied and entered decree against him. Assuming this to be the basis of the present action (and assuming but without deciding or even intimating that a cause of action is alleged), When did the statute of limitations begin to run?

Appellee's present counsel (who did not try the case in district court) practically refuse to argue the question, saying in effect that as no fraud is alleged it is impossible to say when any claimed right of action arose. However, as the motion to dismiss is based alone on the statute of limitations it is perhaps our duty to dispose of the appeal on that ground. No authority is cited in either brief.

The novel character of the case presented makes difficult a reliance upon adjudicated tort cases involving the statute of limitations. Appellant concedes that if the statute began to run when decree in the earlier case was entered by the trial court his present action is barred. He contends, however, that so long as there was a possibility of a reversal in this court the period of limitations did not commence.

We cannot sustain this contention but are of the opinion that the cause of action, if any there was, accrued at the time the judgment was entered in the district court. This conclusion is inevitable under our pronouncements in various cases. See Shaw v. Addison, 236 Iowa 720, 727, 18 N. W. 2d 796, 800; and Dunton v. McCook, 120 Iowa 444, 447, 94 N. W. 942. Under the doctrine of these cases, upon the affirmance in this court the rights of the parties related back to the decree in the district court. Shaw v. Addison, supra, and cases therein cited.

848

The decision of the trial court is affirmed.—Affirmed.

MILLER, C. J., and OLIVER, BLISS, GARFIELD, WENNERSTRUM, MANTZ, and MULRONEY, JJ., concur.

HALE, J., not sitting.