VERNON FLORKE, appellee, v. LEONARD FLORKE, appellant.

No. 47671.

(Reported in 43 N.W.2d 670)

AUGUST 1, 1950.

V. O. DeWitt and Crary, Munger & Crary, all of Sioux City, for appellant.

Hess & Hess, of Kingsley, for appellee.

HAYS, J.—In Florke v. Florke, 240 Iowa 1213, 37 N.W.2d 911, we affirmed, subject to certain specific corrections being made in the records of the clerk of the district court, a judgment which held that a partnership between the parties to said action was dissolved and, after an accounting between the partners, gave plaintiff a judgment against defendant for $3666.

Upon the case being returned to the district court, as above stated, the defendant filed a motion asking for a further accounting and for discharge of the judgment. From an order overruling the same, defendant has appealed.

The trial court in overruling the motion, stated:

"The decrees of this court and the opinion of the supreme court affirming said decree are the law of the case except as modified. * * * that the only modification * * * was directing that certain credits be given on the books of the clerk and that these having been correctly given nothing further remained to be done to carry out the opinion and decree of the supreme court."

Appellant assigns two alleged errors: (1) In holding a

lack of jurisdiction to grant the claimed credits, and (2) in not allowing credits for $3422.92. Our determination of the first proposition is determinative of this appeal.

I. Apparently rule 256, Rules of Civil Procedure, is the basis for the motion filed in the trial court. That rule provides that where matters in discharge of a judgment have arisen since its rendition, the defendant may, on motion, have the same discharged in whole or in part. In Brett v. Myers, 65 Iowa 274, 21 N.W. 604, we held that only where the statute specifically authorized it could the court cancel a judgment and that the only statutory right arises out of matters subsequent to the judgment. In Dunton v. McCook, 120 Iowa 444, 94 N.W. 942, a somewhat similar situation to the instant case was presented and we held, under a statute similar to rule 256, that the trial court had jurisdiction to supervise the enforcement of its decrees, but so far as changing the original judgment or decree the court had no jurisdiction; that the affirmance by this court of a decree of the lower court merely ratifies the action of the lower court and leaves the parties as though no appeal had been taken. See also Shaw v. Addison, 236 Iowa 720, 18 N.W.2d 796.

The record clearly shows that the matters relied on by the appellant as a basis for a further accounting pertain to things that were either directly passed upon in the original decree or were in regard to matters which took place prior to the commencement of the original action, but not called to the attention of the trial court. In either event, the motion amounts to an attempt to change and modify the original decree, and, under the authorities above-cited, the trial court lacked jurisdiction to grant such relief.

Finding no error, the order of the trial court is affirmed.—Affirmed.

All JUSTICES concur.