Arthur L. JERSILD et al., Appellants,

v.

James V. SARCONE et al., Appellees.

No. 53098.

Supreme Court of Iowa.

Dec. 10, 1968.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellants.

Chris Becker, Des Moines, for appellee, James V. Sarcone.

Williams, McWilliams & Hart, Des Moines, for appellee, Eugene R. Severs, d/b/a MacMillan Oil Co.

LeGRAND, Justice.

This matter was here once before when we affirmed a certiorari decree invalidating a building permit issued under Chapter 358A, Code of Iowa, 1962, for the construction of five storage tanks. See 260 Iowa 288, 149 N.W.2d 179.

That opinion was filed March 7, 1967. Eight months later plaintiffs filed, in the same action, their application to order removal of the tanks. Defendants resisted on the ground the judgment entered by the trial court and thereafter affirmed by us was a final adjudication. Defendants claim the trial court is without jurisdiction to consider whether the tanks should now be removed from the premises. The trial court dismissed this application for want of jurisdiction, holding the original judgment was a finality and that it was without authority to act further in the matter.

Plaintiffs say this was error. They tacitly admit a court loses jurisdiction once a case has been appealed and cannot thereafter afford new relief or make new find-ings, but they insist they seek only to compel defendants to comply with the original judgment and that a court always retains jurisdiction to enforce its own decrees.

This brings us squarely to the sole issue presented by this appeal: Did plaintiffs' application request new and additional relief or was it limited to a demand that the trial court enforce the terms of the original judgment?

A brief chronology of the events leading up to this appeal is necessary to understand the problem presented.

On September 2, 1964, plaintiffs filed a petition in certiorari challenging the legality of a building permit issued to defendant, Eugene R. Severs d/b/a MacMillan Oil Company. The permit authorized the construction of five large tanks on real estate near that owned by plaintiffs. The petition asked that the permit be revoked and that the company be required to remove "any and all facilities placed upon the premises." The petition also sought "such other and further relief as plaintiffs may be entitled to under law."

On December 23, 1967, a judgment was entered finding the building permit was illegally issued and declaring it to be null and void. The judgment did not mention removal of the tanks nor any other relief. Defendants appealed from this judgment and we affirmed the trial court.

Upon affirmance by us, the judgment of the district court became a finality as of the date of its entry there. We do not enter a new judgment when we affirm; we merely approve the judgment already entered by the trial court. In such cases the effect is to leave the parties as if no appeal has been taken. In the absence of a remand or a procedendo directing further proceedings in the trial court, the jurisdiction of that court terminates, both as to the parties and the subject matter, with the filing of notice of appeal. But see Weaver v. Herrick, 258 Iowa 796, 803, 140 N.W.2d 178, 182. Thereafter it can

have nothing more to do with the litigation. It has no jurisdiction except to enforce the provisions of that judgment. Dunton v. McCook, 120 Iowa 444, 447, 94 N.W. 942, 944; Hogle v. Smith, 136 Iowa 32, 36, 113 N.W. 556, 558; Kern v. Woodbury County, 234 Iowa 1321, 1323, 14 N.W.2d 687, 688; Florke v. Florke, 241 Iowa 867, 869, 43 N.W.2d 670, 671; Dawson v. Laufersweiler, 242 Iowa 757, 759, 48 N.W.2d 228.

In Dunton v. McCook, supra, at page 447 of 120 Iowa Reports, at page 943 of Northwestern Reports, we said, "The original decree in this case was entered in the district court * * *. Upon appeal that court lost jurisdiction. * * * It was affirmed in this court * * * That ended the suit. Thereafter it was pending in neither court. The affirmance was merely a ratification of what had been done in the lower court, and left the parties in precisely the same situation as though no appeal had been taken. * * * Under our practice a new decree is not entered in the Supreme Court upon affirmance, but that of the court below confirmed * * *."

In Kern v. Woodbury County, supra, at page 1324 of 234 Iowa Reports, at page 688 of Northwestern Reports, we quoted this from Hogle v. Smith, supra, with approval, "Upon appeal the judgment is affirmed, modified and affirmed, or reversed. Upon affirmance, the trial court has nothing further to do with the case * * *." We also noted there again that, while a court loses jurisdiction over the suit on appeal, it still retains the right to enforce the judgment which it originally entered.

■ We agree with the trial court that the application filed by plaintiffs was beyond the power of the court to grant. We affirm the order dismissing it.

The judgment originally entered did no more than declare the building permit void. Although other relief had been requested, the judgment did not grant it. Plaintiffs filed a motion asking the court to enlarge its findings of fact and modify its conclusions of law. This motion was granted, but the question now before us was not then raised. Nor did our opinion in the original appeal consider any question except the legality of the building permit. We made no reference to any other relief. That appeal was not de novo but was on assigned errors only. Jersild v. Sarcone, 260 Iowa 288, 149 N.W.2d 179, 183. The appeal there was taken by defendants. Plaintiffs did not cross-appeal to raise the question which they present here.

If we should do now what plaintiffs ask, we would indeed substitute another judgment for the one originally entered. We have no power to do so. We cannot enforce a judgment which *might* have been entered or even which *should* have been entered. We are confined to the judgment which *was* entered. That judgment made no provision for removal of the tanks. We cannot now, belatedly, under the guise of enforcing an existing judgment, provide plaintiffs with a remedy completely beyond the provisions of the original judgment.

This is true even though we agree with plaintiffs' argument that they have won only a "hollow victory." That, however, is only because plaintiffs have not availed themselves of help readily at hand. They did not originally ask a stay order, although section 358A.19, Code of Iowa, provides one may be granted upon application. They did not appeal from the original judgment for its failure to order removal of the tanks, although that course would have put this dispute to rest almost a year ago.

We do not want to be understood as saying defendants have a right to maintain the tanks despite the invalidity of the building permit under which they were constructed. We can understand plaintiffs' frustration over the fact they won the lawsuit but did not get rid of the tanks. We do not say plaintiffs may not take further appropriate action to secure their removal. All we say is that they cannot do so by this method.

Plaintiffs also assert they are entitled to entry of a nunc pro tunc order to show the original judgment intended to order removal of the tanks. A nunc pro tunc order is proper to correct an obvious mistake or to make the record conform to an adjudication actually or inferentially made but which by oversight or evident mistake was omitted from the record. Section 604.43, 1966 Code, as amended by section 141, chapter 400, Laws of the 62nd G.A.; Chariton and Lucas County National Bank v. Taylor, 213 Iowa 1206, 1208, 240 N.W. 740, 741; General Mills, Inc. v. Prall, 244 Iowa 218, 225, 56 N.W.2d 596, 600. We find nothing here to suggest the trial court omitted such a provision from the original judgment by inadvertence or oversight. This is not a case for a nunc pro tunc order.

In view of our conclusion, we need not discuss defendants' contention that in any event the trial court was without jurisdiction to order removal of the tanks on a writ of certiorari.

For the reasons heretofore stated, the order of the trial court is hereby affirmed.

Affirmed.

All Justices concur, except BECKER, J., who dissents.