# IN THE COURT OF APPEALS OF IOWA

No. 22-0991
Filed March 8, 2023

**SAFEMARK SYSTEMS, LP,**
        Plaintiff-Appellee,

**vs.**

**HRDMM HOSPITALITY SERVICES, INC., d/b/a CLARION HOTEL & CONVENTION CENTER CEDAR RAPIDS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Valerie Clay, Judge.

HRDMM Hospitality Services, Inc. appeals from the district court's denial of a motion to discharge a judgment in its entirety. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Michael Heilman of Brick Gentry, P.C., West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

This case arises from a dispute regarding nonpayment on a contract between HRDMM Hospitality Services, Inc. (HRDMM) and Safemark Systems, LP (Safemark). In short, HRDMM failed to pay Safemark for the lease of hotel safes. After Safemark obtained judgment against HRDMM for nonpayment and domesticated the judgment in Iowa, HRDMM moved to discharge the judgment, arguing Safemark abandoned it. The district court rejected the motion but modified the judgment based on payments HRDMM made after the judgment was entered. HRDMM appeals, arguing the district court erred in not finding Safemark abandoned the initial judgment. We affirm the district court's judgment, finding Safemark's actions did not constitute abandonment and do not warrant discharge of the judgment in full.

## I.    Background Facts and Proceedings

HRDMM is a Virginia corporation formed to acquire the Clarion Hotel and Convention Center in Cedar Rapids. Safemark is a limited partnership, based out of Florida, which leases safes.

In June 2017, Safemark and HRDMM—then managed by the Hussain family—entered into a five-year contract for the lease of 143 safes from Safemark for use in the hotel. Under the contract, HRDMM paid Safemark $5 per safe every month, for a total of $715 per month. If HRDMM defaulted, Safemark retained the right to remove the safes at the cost of $30 per safe to HRDMM. In the event of any dispute, both parties agreed to a forum selection clause in Florida.

HRDMM did not keep up with the safe payments, and in January 2018, Safemark filed a complaint in Florida to recoup their losses. In May 2018, the

Florida court entered judgment against HRDMM in the amount of $68,214.62. Meanwhile, the Hussain family stopped managing the hotel, requiring their business partners to take over operations. While the hotel was under new management, Safemark continued to send invoices for the lease, which did not mention the Florida judgment. HRDMM paid the invoices until they stopped coming, in January 2021.

In February 2021, Safemark domesticated the Florida judgment in Iowa, attempted execution that was returned unsatisfied, and then applied for a judgment debtor exam. When HRDMM received notice of this application, it moved to discharge the judgment in full, arguing Safemark abandoned the judgment in its entirety.

The district court heard the motion and rejected HRDMM's argument to discharge the judgment in full. However, the court offset the total owed based on what HRDMM paid after the Florida ruling, which reduced the amount owed to $48,194.62. HRDMM appeals.

## II.     Standard of Review

Review is for correction of errors at law. *See* Iowa R. App. 6.907; *Brett v. Myers*, 21 N.W. 604, 604 (Iowa 1884).

## III.     Discussion

HRDMM argues Safemark abandoned the judgment, as Safemark continued to send invoices to HRDMM without mentioning the judgment in those invoices. Specifically, HRDMM relies on Iowa Rule of Civil Procedure 1.1016 and the Restatement (Second) of Judgments, as referenced in Iowa precedent. *See*

*Villarreal v. United Fire & Cas. Co.*, 873 N.W.2d 714, 719 (Iowa 2016); *Pinkerton v. Jeld-Wen, Inc.*, 588 N.W.2d 679, 680–81 (Iowa 1998).

Iowa Rule of Civil Procedure 1.1016 provides: "Where matter in discharge of a judgment has arisen since its entry, the defendant or any interested person may, on motion, have the same discharged in whole or in part, according to the circumstances." Here, little has changed since the entry of judgment to warrant the discharge of the entire judgment against HRDMM. *See Dunton v. McCook*, 94 N.W. 942, 944–45 (Iowa 1903); *Bones v. Aiken*, 35 Iowa 534, 535–36 (1872). HRDMM still has not paid Safemark for the safe rentals under the contract.

While Safemark did not mention the judgment in its invoices, the absence of any notation does not show a clear intent to abandon the judgment and could align with an intent to eventually collect. *See* 1 C.J.S. *Abandonment* § 12 (Feb. 2023 update); *see also Abandonment*, *Black's Law Dictionary* (11th ed. 2019) (defining "abandonment" as "[t]he relinquishing of a right or interest with the intention of never reclaiming it"). Safemark was within its rights to wait to collect on the judgment; the company did not have to collect immediately in full. *See* Iowa Code § 614.1(6) (2021) (outlining the statute of limitations to collect on a judgment in Iowa).

Next, HRDMM argues that little relevant precedent exists under Iowa Rule of Civil Procedure 1.1016 and our analysis should be guided by the Restatement (Second) of Judgments sections 73 and 74 (Am. L. Inst. 1982). However, even accepting HRDMM's invitation to fill any gaps in the case law with the Restatement, application of these sections would not entitle HRDMM to discharge the judgment in its entirety.

In pertinent part, the Restatement (Second) of Judgments section 73 allows for the modification or setting aside of a judgment if "[t]here has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust." Restatement (Second) of Judgments § 73(2). Section 74 bars or limits the modification or setting aside of a judgment if:

> (1) The person seeking relief failed to exercise reasonable diligence in discovering the ground for relief, or after such discovery was unreasonably dilatory in seeking relief; or
> (2) The application for relief is barred by lapse of time; or
> (3) Granting the relief will inequitably disturb an interest of reliance on the judgment.

*Id.* § 74. Neither section 73 or 74 of the Restatement supports HRDMM's bid for relief.

First, nothing has changed in the overall circumstances surrounding the judgment to warrant discharge. *See id.* § 73. HRDMM still owes Safemark for leasing hotel safes under the contract, Safemark did not abandon the judgment by not mentioning it in subsequent invoices, and the company was within its rights to wait before collecting what was owed. *See* Iowa Code § 614.1(6). Section 73 is inapplicable here.

Second, section 74 independently bars relief on these facts. Applying section 74(1), HRDMM was not reasonably diligent in seeking relief. HRDMM only moved to discharge the judgment after Safemark moved for a debtor exam, ten months after domesticating the judgment in Iowa and more than two-and-one-half years after the judgment was entered in Florida. *See* Restatement (Second) of Judgments § 74 cmts. d & e ("The most common fixed time limit is the [one-year] provision of Federal Rule 60(b)."); *see also* Iowa Code § 624A.1 (statutory one-

year time limit); Iowa R. Civ. P. 1.1013 (same by rule of civil procedure). Under section 74(3), Safemark has a reliance in the judgment as assurance that HRDMM will pay what is due, which also weighs against relief. This portion of the Restatement favors Safemark, not HRDMM.

### IV. Conclusion

Whether applying solely the language of rule 1.106 or filling in arguable gaps in the case law with the Restatement, HRDMM was not entitled to the discharge of the Florida judgment in its entirety.

**AFFIRMED.**