C. E. AMDOR, appellee and cross-appellant, v. WESLEY COONEY et al., appellants.

No. 47901.

(Reported in 49 N.W.2d 550)

OCTOBER 16, 1951.

Thomas E. Mullin, of Creston, E. W. Mullin and Harvey J. Kittleman, both of Corning, for defendants-appellants.

Lee R. Watts, of Corning, for appellee and cross-appellant.

MANTZ, J.—Plaintiff prayed for an injunction to restrain defendants from using a baseball diamond contrary to an order of this court. Defendants resisted and asked that plaintiff's petition be dismissed. The court denied the askings of both parties. Both appealed.

The matters involved in this appeal are in the nature of a follow-up or outgrowth of a former proceeding before this court and as set forth in our opinion in Amdor v. Cooney, 241 Iowa 777, 43 N.W.2d 136.

In that proceeding plaintiff sought an injunction restraining defendants from operating a baseball diamond close to his premises, near the town of Carbon, Iowa. Plaintiff claimed that said diamond as used amounted to a nuisance and prayed that such use be enjoined. The defendants resisted such claim and asked that such petition be dismissed. On appeal this court held that the baseball diamond as operated by defendants was a nuisance but refused to grant an injunction at once, but provided that the defendants were to be given forty-five days after procedendo issued to remedy the conditions then existing and further provided that if said conditions were not remedied within such time an injunction was to issue. Our opinion further held that if the conditions of our decree were met within the time fixed, plaintiff's petition was to be dismissed. In our opinion we held that the operation of a baseball diamond was not a nuisance per se. The costs were taxed to the defendants.

The opinion was filed June 13, 1950; procedendo issued July 14, 1950; the forty-five-day period granted expired August 28, 1950.

On September 11, 1950, the plaintiff filed a motion asking for the issuance of an injunction, claiming that the defendants had not complied in good faith with the opinion of this court and again asked that an injunction issue. In resistance to such motion defendants alleged that in all respects they had in good faith complied with our opinion and prayed that plaintiff's petition be dismissed. While some other matters have been argued the real issues are as follows: (1) Should a permanent injunction issue to restrain the defendants from using the ball diamond contrary to the mandate or order of this court? (2) Should plaintiff's petition be dismissed?

The trial court heard the evidence, part of which was by affidavits and part oral. Following the hearing the court denied the injunction, refused to dismiss the petition, and ordered that it reserved jurisdiction of the parties and subject matter in order to deal with any future developments which might arise out of the use of the baseball diamond. Costs were taxed to defendants. Both parties appeal. The defendants having first appealed will be designated appellants; plaintiff designates himself as cross-appellant, and we accept such designation.

Thus we have before us the correctness of the court's ruling in denying the injunction to cross-appellant and its refusal to dismiss the petition of cross-appellant as prayed for by appellants.

At the hearing the court considered the affidavit of Amdor attached to his motion for injunction; also, the four affidavits attached to the resistance of appellant. Some oral evidence was also taken.

The evidence shows without controversy that the last ball game was played upon the diamond in question on August 20, 1950, and that none has since been played thereon; that the bases and some of the equipment have been removed therefrom; that the surface of the diamond is rough and uneven and that weeds were growing upon the playing field. The evidence shows that whatever baseball has been played has been upon a field removed from the old diamond and distant from the premises of Amdor. Some planks and block supports remain upon the old playing field; also some wire and posts.

Appellants' claim that the old baseball diamond has been completely abandoned is clearly shown by the record. The evidence further shows that appellants have no intention of attempting to again use the diamond in dispute. Cross-appellant failed to show that baseball games have been played at the old field since August 20, 1950, but argues that it would require little effort to put the old diamond in shape to be operated. The gist of the argument of cross-appellant is that if no injunction issue and the case is dismissed the appellants will again start playing there and that the same conditions as existed before will again be present. Appellants declare that they do not intend to again use the disputed diamond; that in case they start playing it will be in another part

of the tract and so removed that cross-appellant will not be disturbed.

When the case was tried, cross-appellant stated: "It is our theory that there has been no substantial compliance with the opinion or intention or anything else." To which the court responded: "Under the record here there is a complete abandonment of the field." Mr. Mullin, attorney for appellants, called the court's attention to the opinion wherein this court said: "If such change is made within said time plaintiff's petition shall then be dismissed." (241 Iowa at page 785.) To this the court responded:

"I don't follow the court at all. I don't know how you could move it up there and dismiss the petition and then move it back in 3 days. I don't get it. Under the present record I am not going to issue the injunction or dismiss the case. I am just going to refuse here today to issue an injunction under their ruling, and far be it from me to clearly know what they mean by that opinion."

Thereafter the trial court by formal judgment entry denied the claim for an injunction, denied the appellants' request that the action be dismissed, ordered that the court retain jurisdiction of the parties and subject matter and awarded costs against the appellants (defendants).

We are unable to agree with the trial court wherein he refused to dismiss the petition and awarded costs against appellants. As to the order refusing the injunction we are in accord. Whether the appellants had complied with the order of this court was a fact question, pure and simple. The trial court found a complete abandonment of the old diamond. Under the record no other conclusion could have been arrived at. We do not think there is anything in our opinion or in the record which permits the trial court to withhold from or deny to appellants the right to have the petition dismissed. The record is absolute and conclusive that appellants have complied in good faith with the order of this court as set forth in our opinion. The old baseball diamond has been absolutely abandoned and whatever baseball has been played was on another part of the property and at a place where there would be no disturbance to cross-appellant.

Cross-appellant argues that with the petition dismissed appellants will at once move back to the old diamond and that cross-appellant will be faced with the same conditions which existed when the action was first brought. This view seems to have been shared to some extent by the trial court, as evidenced in some of the language above set forth. Appellants have solemnly declared that they have acted in good faith and that they have no intention of resuming the game of baseball on the old diamond. The court nowhere has intimated that appellants were not acting in good faith. We do not feel justified in questioning the good faith of the appellants. They have done all that could be done to comply with the order of this court; the trial court so held. This being the case we see no good reason why the order of this court should not be carried out and the cause dismissed.

Some cases have been cited on the proposition involved. Precedents are of little aid in the present situation. We see nothing conflicting or uncertain in our opinion and it is hardly necessary for us to say that our holding therein is binding upon the lower court. See Lawson v. Fordyce, 237 Iowa 28, 21 N.W.2d 69; Hensley v. Davidson Bros. Co., 135 Iowa 106, 112 N.W. 227, 14 Ann. Cas. 62; Dawson v. Laufersweiler, 242 Iowa 757, 48 N.W.2d 228.

The matter is returned to the trial court with directions that the cause be dismissed with costs taxed to cross-appellant, C. E. Amdor. Reversed on appellants' appeal and affirmed on appeal of cross-appellant.—Reversed and remanded.

All JUSTICES concur.