DES MOINES BANK & TRUST COMPANY, special administrator of estate of LOLA G. LANDES, NANCY ROUSSEAU et al., on behalf of Iowa Southern. Utilities Company (a state of Delaware corporation) and on behalf of themselves and other stockholders similarly situated, appellees, v. IOWA SOUTHERN UTILITIES COMPANY, appellee, and EDWARD L. SHUTTS, appellant.

No. 48329.

(Reported in 61 N.W.2d 724)

DECEMBER 15, 1953.

Brody, Parker, Miller, Roberts & Thoma, of Des Moines, for appellant.

F. A. Ontjes, of Mason City, and Havner & Powers, of Des Moines, for appellees.

Valentine & Greenleaf, of Centerville, for Iowa Southern Utilities Company of Delaware, appellee.

GARFIELD, J.—Upon a former appeal of this case we held Iowa Southern Utilities Company of Delaware should have judgment in the district court against defendant Edward L. Shutts for $46,728.29, "with interest as provided by law." Des Moines Bank & Trust Co. v. Bechtel & Co., 243 Iowa 1007, 1100, 51

N.W.2d 174, 227. After procedendo issued to the district court plaintiffs (who brought the action on behalf of Iowa Southern) filed therein their motion for judgment in obedience to our opinion.

The judgment against Shutts, an officer of Iowa Southern, ordered by us on the prior appeal was based on monthly withdrawals by him between 1925 and 1944 from a secret salary account. See division 19 of the opinion commencing page 1070 of 243 Iowa, page 210 of 51 N.W.2d. In their motion for judgment plaintiffs claimed from Shutts, and the district court allowed, interest on each monthly withdrawal by him, computed from the date thereof as far back as 1925. The total amount of interest claimed and allowed, computed to August 15, 1952, was $37,-643.53.

Shutts's resistance to plaintiffs' motion for judgment raises in the alternative two contentions, rejected by the district court, which Shutts now urges upon this appeal by him. 1) He says plaintiffs' action was for an accounting, the balance was ascertained on January 8, 1952, when our opinion upon the prior appeal was filed, and interest should be computed from that date by virtue of section 535.2, subsection 5, Code, 1950. (All Code references are to that Code.) 2) If the first contention be rejected the court should determine plaintiffs' claim was based upon an open account which draws interest after six months from date of the last item in 1944 by virtue of Code section 535.2, subsection 6.

In support of this second contention it was urged in the trial court and is argued here that our opinion upon the former appeal states as one ground for the holding Shutts had not established his defense of the statute of limitations to plaintiffs' claim that the claim against Shutts was a continuous open account on which a cause of action did not accrue under Code section 614.5 until the date of the last item. It is argued our prior opinion therefore established as the law of the case that the claim against Shutts was a continuous open account and if it was such an account for the purpose of his defense of the statute of limitations it is also such an account for the purpose of computing interest against him.

Unquestionably our former opinion established the law

of the case. We are firmly committed to the doctrine that the legal principles announced and the views expressed by us in an opinion, right or wrong, are conclusively binding, throughout further progress of the case, upon the litigants, the trial court upon remand and this court in later appeals. Likewise, matters necessarily involved in the determination of a question are settled by the opinion when such matters are again presented on a subsequent appeal.

The doctrine of the law of the case is fully discussed in Lawson v. Fordyce, 237 Iowa 28, 32–40, 21 N.W.2d 69, 73–77, which cites more than 50 of our prior decisions and quotes from many of them, also from texts. See also Shannon v. Gaar, 234 Iowa 1360, 1362, 15 N.W.2d 257, 258; Amdor v. Cooney, 242 Iowa 1065, 1069, 49 N.W.2d 550, 552; Loughman v. Couchman, 243 Iowa 718, 721, 53 N.W.2d 286, 288; Glenn v. Chambers, 244 Iowa 750, 755, 56 N.W.2d 892, 895; Robinson v. Home Fire & Marine Ins. Co., 244 Iowa 1084, 1094, 59 N.W.2d 776, 782.

If, as defendant Shutts argues in support of his second contention, our former opinion holds the claim against him was a continuous open account that question is settled for all time. (Rehearing was denied.) If this argument is sound it affords a complete answer to the first contention urged by Shutts. The opinion is of course conclusive upon Shutts as well as upon plaintiffs. The vital question therefore is whether our prior opinion decides that the claim against Shutts was a continuous open account or, as Code section 614.5 expresses it, "a continuous, open, current account."

The language of the opinion upon which Shutts relies is the part we have italicized in the following from page 1099 of 243 Iowa, page 226 of 51 N.W.2d: "During the time that said account existed, wrongfully and fraudulently and in violation of his official duties, trust and fiduciary relation, each month without interruption during that period he [Shutts] withdrew large sums of money from the Company and deposited them in said account, and each month in the same wrongful and fraudulent manner he withdrew large sums of money from said account and wrongfully and fraudulently appropriated it to the use of himself and others. All of this was done secretly and without disclosure to or consent of the Company. *This was done continuously*

*and without any hiatus or interruption, and by so doing a continuous account was established between him and the Company.* He fraudulently concealed his wrongful acts by maintaining said account as a private one and not a Company one and by concealing the canceled checks, and by so maintaining the books of account of the Company as to effectually prevent its discovery of his fraudulent appropriation of this fund, which continued after this action was begun and into January 1944, and until after said time. *Soderland v. Graeber, 190 Iowa 765, 776, 180 N.W. 745, and cases cited.* The contention of the defendants that this claim was barred by the statute of limitations and laches was not established."

The portion of the opinion just quoted seems to hold that Shutts's defense of the statute of limitations was not established for two reasons: (1) Shutts fraudulently concealed his withdrawals from the secret salary account and (2) there was established a continuous open account between Shutts and Iowa Southern.

The first of these assigned reasons supports the holding the claim against Shutts was not barred by limitations because of Code section 614.4 or because of the doctrine of fraudulent concealment, independent of statute, first announced by us in District Township of Boomer v. French, 40 Iowa 601, 603: "* * * where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered."

Later decisions which have recognized this doctrine of fraudulent concealment are cited in Cole v. Hartford Accident & Indemnity Co., 242 Iowa 416, 425–427, 46 N.W.2d 811, 816, 817.

Code section 614.4 provides, so far as applicable: "In actions for relief on the ground of fraud * * * the cause of action shall not be deemed to have accrued until the fraud * * * shall have been discovered by the party aggrieved."

The second of the reasons above-mentioned supports the holding the claim against Shutts was not barred by limitations

because Code section 614.5 states: "When there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last item therein, as proved on the trial."

The decisions the former opinion cites in support of the holding the claim against Shutts was not barred by limitations are Soderland v. Graeber, 190 Iowa 765, 776, 180 N.W. 745, and cases cited therein (four in number). All these precedents involve continuous, open, current accounts which were held not to be barred by limitations because of what is now Code section 614.5 quoted above. None of them involves any question of fraudulent concealment.

■ We conclude therefore it is the law of the case that plaintiffs' claim against Shutts was "a continuous, open, current account" within the meaning of Code section 614.5. As above explained, that is one of the two grounds for our holding upon the former appeal the claim was not barred by limitations. We think too there is merit in Shutts's argument that if the claim against him was such an open account for the purpose of applying the statute of limitations it is also an open account for the purpose of computing interest on the claim.

■ Code section 535.2, subsection 6, provides the rate of interest shall be five per cent (in the absence of a written agreement) on "Money due upon open accounts after six months from the date of the last item." This statute governs the allowance of interest on money due upon open accounts. It is controlling here.

The date of the last item of the account between Shutts and Iowa Southern was March 4, 1944. (See prior opinion at page 1071 of 243 Iowa, page 211 of 51 N.W.2d.) Thus the claim against Shutts bears interest from September 4, 1944. Incidentally this is more than seven years and four months before the principal amount due from Shutts was determined by our former opinion. The interest for such period exceeds $17,000.

While Shutts argues that in no event should interest be computed from earlier than six months after the date of the last item of the account because of section 535.2, subsection 6, he also contends Buck Auto Carriage & Implement Company v.

Tietge, 174 Iowa 103, 113, 156 N.W. 313, holds that where an action is brought on an open account the last item of which is after the action was commenced interest should be computed only from the date of judgment. The petition in this case was filed May 7, 1943 (see page 1014 of 243 Iowa, page 179 of 51 N.W.2d), about ten months before the date of the last item of the account.

We think the Buck Auto Carriage & Implement Company decision does not go so far as Shutts contends. It is true interest was there allowed only from the date of the decree but the action was not merely one on open account. The opinion says (page 113 of 174 Iowa, page 316 of 156 N.W.) : "Had plaintiff merely sued upon an open account, it might well be that he would be entitled to interest from the date of the last item, or six months after; but plaintiff did not do this."

■ Shutts also argues it was necessary to have a judicial determination of the amount due from him and therefore subsection 5 of Code section 535.2 governs the allowance of interest. It provides for interest on "Money due on the settlement of accounts from the day the balance is ascertained." We think this argument is an attempt to avoid, perhaps unintentionally, the doctrine of the law of the case which Shutts has invoked in his favor. If, as we have said, our former opinion holds the claim against Shutts was an open account obviously subsection 6, not 5, of section 535.2 controls the allowance of interest.

■ Plaintiffs contend and the trial court held, "Even if the account is continuous the amount and date of the specific appropriations [by Shutts] are determinable from the record, and under the law interest begins as of the date of each transaction." We cannot agree with this. It ignores and in effect nullifies subsection 6 of Code section 535.2. After an open account is proven in court the amount and date of the specific items are usually, if not always, determinable from the record. But that fact affords no basis for disregarding the applicable statute. The authorities cited to us for the statement above-quoted do not support it.

For judgment or decree in harmony with this opinion the cause is—Reversed and remanded.

All JUSTICES concur.