In the Matter of the **ESTATE** of **Clair W. ZIMMERMAN,** Deceased.

**Dolores L. ZIMMERMAN,** Executor-Appellant,

v.

**WESTGATE ELEVATOR CO.,** Inc., Claimant-Appellee.

No. 53086.

Supreme Court of Iowa.

July 18, 1968.

Murphy & Murphy, Sumner, for appellant.

Darold J. Jack, Oelwein, for appellee.

SNELL, Justice.

This is an action in probate for the right to file and to establish a claim against decedent's estate. It was filed more than six months after the second publication of notice to creditors.

Clair W. Zimmerman died testate on February 24, 1966. Dolores L. Zimmerman, his surviving widow and sole beneficiary under his will was appointed and qualified as executor. Pursuant to section 633.3(16) and section 633.4, Code of 1966, we use the term "Executor."

Decedent had not prospered in his chicken business and had unpaid accounts but was not insolvent. There is no evi-

dence that decedent faced any undue pressure from his creditors but he was despondent and committed suicide. He left a note saying he could not face it.

Westgate Elevator Co., Inc., claimant herein, conducts a general elevator and feed business in Westgate, Iowa. Willis C. Ruff is manager and sole owner.

At the time of his death decedent was indebted to claimant for feed, grain and grinding. The balance due, according to claimant's records, was $7,218.25. Additional items were furnished following decedent's death for use on the farm operated by decedent. They were ordered by Mrs. Zimmerman or her brother. These charges were:

| | |
|---|---|
| 2–26–66 — Feed, grind and mix | $ 57.04 |
| 3–5–66 — Feed, grind and mix | 56.53 |
| Total | $113.57 |

These items brought the total balance due as claimed by claimant to $7,331.82.

Before the six months allowed by Code Section 633.410 for filing claims had expired, the following payments on this account were made by the executor:

| | |
|---|---|
| April 5, 1966, Credit for Corn | $1,056.10 |
| April 23, 1966, Cash | 1,000.00 |
| June 25, 1966, Cash | 1,000.00 |
| July 25, 1966, Cash | 175.72 |
| August 24, 1966, Cash | 200.00 |

After the expiration of the six months allowed for filing claims had expired the following additional payments were made by the executor:

| | |
|---|---|
| September 27, 1966, Cash | $100.00 |
| October 28, 1966, Cash | 100.00 |
| November 29, 1966 | 25.00 |

These payments added together made a total of $3,656.82, and leave a balance of $3,675.00 asked by claimant in his claim filed January 3, 1967. Included in said amount, however, are certain disputed monthly "interest" charges commencing on April 3, 1964.

Only two witnesses testified, Mr. Ruff for claimant and the executor for herself and the estate.

The trial court made a detailed finding of fact from which we quote:

"On or about June 28, 1966, Willis C. Ruff, president of claimant corporation called at the Zimmerman farm and talked to the executor about payment of the balance of the account. There is some disagreement as to just what was said between them at that time. They agree that there was mention of a suicide note left by the decedent and containing indications that the size of the account and the obligation to pay it contributed to causing the decedent to commit suicide. The executor complained because, as she claims, she was never informed by claimant as to the size or existence of the account.

"No specific plan for payment of the balance then due was worked out, but the court finds from the evidence that Mr. Ruff was informed by the executor that he would get his money. The executor states that she said to him: 'My doctor said that if it took four years to build up the account, take four years to pay it. It will take time.'

"It would seem to be reasonable for a person in Mr. Ruff's position to interpret this as a promise to pay the account. The court finds that the claimant was not guilty of a lack of diligence by reason of its failure to file a claim within the time allowed by law, in view of the promise to pay in time, and in view of the fact of actual payment of almost one-half of the total amount of the claim before the time for filing claims had expired. The court further finds that 'peculiar circumstances' existed within the meaning of Code Section 633.40 [633.410] entitling the claimant to 'equitable relief' from the requirements of said section.

"The court now finds further that claimant has sustained the burden of proving its account by good and sufficient competent evidence except as to the one per cent per month interest charges made each month commencing April 3rd, 1964. These charges total $903.53. No express written or oral agreement for the payment of such interest was shown by a preponderance of the evidence, and such an agreement, had there been one, would violate Code Section 535.4 and 535.5, and would result in the forfeiture of all interest."

We have reviewed the record. There is some but not a great variation between Mrs. Zimmerman's and Mr. Ruff's version of their conversations. There is ample support for the court's findings.

I. Section 635.68, Code of 1962, provided:

"All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, * * * unless peculiar circumstances entitle the claimant to equitable relief."

This section is now superseded by section 633.410, Code of 1966. This section provides:

"All claims against a decedent's estate, * * * shall be forever barred against the estate, the personal representative, and the distributees of the estate, unless filed with the clerk within six months after the date of the second publication of the notice to creditors; provided, however, that the personal representative may waive such limitation on filing; and *this provision shall not bar claimants entitled to equitable relief due to peculiar circumstances."* (Emphasis added)

Section 633.33, Code of 1966, provides:

"Nature of proceedings in probate. Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and *for the establishment of contested claims shall be triable in probate as law actions,* and all other matters triable in probate shall be tried by the probate court as a proceeding in equity." (Emphasis added)

Section 633.410, Code of 1966, makes no such change from the Code of 1962 as to be material here. We find nothing to indicate that either the committee that drafted the probate code or the legislature that enacted it intended any change in procedure in cases such as the one now before us.

We have held repeatedly that a determination that equitable relief should be granted in the filing of late claims is not reviewable de novo. In Re Estate of Smith, 248 Iowa 857, 863, 82 N.W.2d 737; Rindfleisch v. Mundt Estate, 247 Iowa 1124, 1128, 77 N.W.2d 643; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1194, 70 N.W.2d 154; St. Paul Mercury Indemnity Co. v. Nyce, 241 Iowa 550, 570, 41 N.W.2d 682.

The determination is to be made by the trial court and is like other issues incident to the allowance of claims triable at law.

II. In Rindfleisch v. Mundt Estate, supra, decided in 1956, this appears:

"There have been approximately 60 'peculiar circumstance' cases before this court. About 40 per cent have been decided in favor of the presence of such circumstances.

"As to whether peculiar circumstances exist which permit the filing of claims after expiration of statutory limitation depends on the circumstances of each case. [Citations]

"There have never been two cases exactly alike. Some are similar in certain respects, but not as to all questions involved. The Code section involved in this case is coextensive with the statutory history of our State. * * *" (247 Iowa loc. cit. 1127, 77 N.W.2d loc. cit. 645).

Since that opinion was written many more cases have been considered.

No useful purpose would be served by reanalysis. In the case before us there was ample evidence to support the trial court's findings of fact.

III. Included in the claim was an interest charge of 1 per cent per month called a "service charge." There was no evidence of any agreement authorizing any such charge.

At the trial below claimant suggested computing the interest at five percent commencing six months after each item of charge.

 The trial court properly disallowed the service charge and rejected claimant's alternative. The claim here was based on an open account.

Section 535.2, Code of 1966, authorizes interest at the rate of five cents on the hundred by the year on: " * * * f. Money due upon open accounts after six months from the date of the last item."

Other rates within the limitations of the law are authorized in certain cases not applicable here.

Section 535.4 prohibits receipt of interest in excess of that permitted by law.

In Des Moines Bank and Trust Company v. Iowa Southern Utilities Company, 245 Iowa 186, 61 N.W.2d 724, it was contended that interest should be computed "as of the date of each transaction." We said: "We cannot agree with this. It ignores and in effect nullifies subsection 6 of Code section 535.2." (subsection 6 now appears as subsection f) (loc.cit. 192, 61 N.W.2d loc.cit. 728.)

The trial court reduced the account $903.-53, the amount of interest included therein.

The court then allowed the claim in the amount of $2,771.47 with interest thereon at 5 percent per annum from September 5,

1966, which is six months after the last item of charge.

The trial court was right.

The case is

Affirmed.

All Justices concur.