**In re the MARRIAGE OF Dennis Lynn HOFFMAN and Julie Ann Hoffman.**

**Upon the Petition of Dennis Lynn Hoffman, Petitioner–Appellee/Cross–Appellant,**

**And Concerning Julie Ann Hoffman, Respondent–Appellant/Cross–Appellee.**

**No. 93–0765.**

Court of Appeals of Iowa.

Feb. 25, 1994.

Diane Kutzko and James D. Hodges of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellant.

John A. Stitely of William F. Olinger Law Firm, Cedar Rapids, for appellee.

Heard by SCHLEGEL, P.J., SACKETT, J. and CRITELLI, S.J.*

SACKETT, Judge.

This appeal and cross-appeal follow a trial court's refusal to address an application made by respondent-appellant Julie Ann Hoffman asking the trial court to determine the value of petitioner-appellee's/cross-appellant's Dennis Lynn Hoffman's share in real and personal property. Julie contends the trial court should have valued the property. Dennis contends the trial court should have awarded sanctions under Iowa Rule of Civil Procedure 80. We affirm on both appeals.

This is the second time this case has been before us. This appeal focuses on the decision we entered in the first appeal in *In re Marriage of Hoffman*, 493 N.W.2d 84 (Iowa App.1992). In *Hoffman*, 493 N.W.2d at 88, we found the trial court did not award Dennis an equitable share of either the real or personal property. We ordered the homestead, including the stable and the 15,000 square foot barn, be sold and the proceeds be equally divided between Julie and Dennis. We then made the comment, "By selling the house and splitting the proceeds, Julie will

still be in a position to purchase a comfortable, reasonably-priced home for her and her children. *Julie, of course, may purchase Dennis's interest in the Solon home and the equestrian business if she so desires.*" (Emphasis supplied). *Id.* We also ordered specified equipment to be sold and the proceeds divided between Julie and Dennis, and said, "*Again, Julie may purchase Dennis's interest in these items if she so desires.*" *Hoffman*, 493 N.W.2d at 88–89.

Julie elected to treat the emphasized words as giving her an option to purchase Dennis's share of the real and personal property. Julie says she elected to purchase Dennis's interest and when they could not agree on a price, she filed an application asking the trial court to value the property and determine the value of improvements she made to the property while the appeal was pending. In denying Julie's application, the trial court said, "The issue of the sales price with or without improvements is not for this Court to decide without appellate direction." On Julie's motion asking the trial court to reconsider its ruling, the court said:

> If the Appellate Court holds that this Court has jurisdiction of the matters set forth in Respondent's Motion, the Court will proceed as directed by the Appellate Court. If the Appellate Court holds that the Appellate Court has no further jurisdiction at this stage of the proceedings, a further motion can be filed ...

On appeal Julie contends (1) the trial court did have jurisdiction to enforce the judgment of this court; (2) the value of Dennis's interest has never been decided and the trial court should be directed to value his interest; and (3) equity supports the trial court exercising jurisdiction.

■ A district court retains jurisdiction after appeal from its final judgment to enforce the judgment but does not have the authority to revisit and decide differently the issues concluded by that judgment. *See Franzen v. Deere & Co.*, 409 N.W.2d 672, 674

* Senior Judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

(Iowa 1987); *Kern v. Woodbury County*, 234 Iowa 1321, 1323, 14 N.W.2d 687, 688 (1944).

■ We agree with Julie that the district court had jurisdiction to enforce the order of this court. The trial court had jurisdiction to enter orders effecting the sale of the real and personal property we directed sold and ordering the division of the proceeds equally between Dennis and Julie. Such orders would conform to our decision. *Hoffman*, 493 N.W.2d at 88–89.

■ However, the issue Julie is arguing is the trial court erred in finding it had no jurisdiction to determine the value of Dennis's interest so as to permit Julie to purchase his share. Julie contends our decision made such a determination necessary because we gave Julie the right to purchase Dennis's share.

We agree with the trial court that it does not have jurisdiction to value the extent of Dennis's interest in the property so that Julie may purchase his share. We also agree with the trial court that it has no jurisdiction to enforce what Julie claims is an option to purchase the real estate.

Our decision in *Hoffman* does not give Julie an option to purchase Dennis's share. The words Julie contends establish the option are only a comment by this court of the obvious. That is, on a sale, Julie would have the same right to buy as any other purchaser.

■ Julie is asking the trial court to give her an option and to establish the amount she need pay for Dennis's interest. To make such a determination would be to render a new judgment. After appellate review of a trial court's decision is concluded, the district court has inherent power to enforce the judgment but not to render a new judgment. *See Des Moines Bank & Trust Co. v. Iowa S. Util. Co.*, 245 Iowa 186, 188–90, 61 N.W.2d 724, 726 (1953); *Lawson v. Fordyce*, 237 Iowa 28, 32–40, 21 N.W.2d 69, 74 (1945); *Kern*, 234 Iowa at 1323, 14 N.W.2d at 688; *see also generally* Restatement (Second) of Judgments § 18–26 at 151–250 (1982).

It was our decision in *Hoffman* to order the sale. *Hoffman*, 493 N.W.2d at 88–89.

The decision made by us in the prior appeal is binding on the litigants throughout the case. *See Des Moines Bank & Trust*, 245 Iowa at 189, 61 N.W.2d at 726. The issue of the manner of division of the property was settled in the prior opinion and will not be relitigated. *Id.*

■ Julie raises two other issues. She advances because the issue of Dennis's interest has never been decided, the trial court is not precluded from deciding it. The method of division arrived at by this court was to sell the property and split the proceeds equally. The issue of valuation was resolved by having a sale. Julie's last argument is equity demands the trial court enter the orders she requests in this case. Having found the relief Julie requests would require the trial court to render a different judgment, we find this issue to be without merit.

■ Dennis contends on cross-appeal that the trial court should have granted his request to impose sanctions under Iowa Rule of Civil Procedure 80. He contended Julie's application asked the trial court to evade the clear meaning of our decision and to impose additional costs on Dennis. The district court denied Dennis's request for sanctions finding there was a substantial legal argument made by Julie in her application and supporting briefs. The trial court commented it respected the legal arguments of Julie's counsel, including the argument the court would be implementing rather than changing the appellate decision.

We review for an abuse of discretion. *Carr v. Hovick*, 451 N.W.2d 815, 818 (Iowa 1990); *Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989). We accord the trial court discretion in assessing the appropriateness of a sanction. *Fields v. Iowa Dist. Court of Polk County*, 468 N.W.2d 38, 39 (Iowa 1991). The trial court did not abuse its discretion. *See Weigel v. Weigel*, 467 N.W.2d 277, 281 (Iowa 1991).

**AFFIRMED.**