CHRISTENSEN, Justice.
Plaintiffs appeal the district court's dismissal of their posttrial motion. Upon review, we consider plaintiffs' posttrial motion waived. Accordingly, plaintiffs did not preserve any issues for appellate review. We affirm the district court's order entering judgment for defendant.
I. Background Facts and Proceedings.
A jury trial was held on the wrongful death of Nicole Sansom. During deliberations, counsel for each party entered into a high-low settlement agreement. The written agreement consisted of the plaintiff Freer[1] emailing a one-liner to the defendant DAC, Inc. and DAC emailing a one-liner in response:
Freer: "They agree to the high low of 100k to 1 million."
DAC: "Confirmed. Now we wait and see what the jury does."
Later that same day, the jury determined DAC was not liable and awarded no damages. On July 25, 2017, the district court entered judgment for DAC. On August 2, Freer filed a timely posttrial combined motion for new trial and change of venue. See Iowa R. Civ. P. 1.1007 (posttrial motion for new trial must be filed within fifteen days after filing of the verdict). The posttrial motion alleged violation of a granted motion in limine, errors by the district court in denying Freer's motions for mistrial and failing to notify counsel of jury communications, and undue influence of DAC over the jury. DAC resisted and filed a motion to enforce the high-low settlement agreement and to strike Freer's posttrial motion.
*687 On October 13, the district court held a hearing on the motions. It granted DAC's motion to enforce the settlement agreement and deemed Freer's posttrial motion moot. The district court pronounced this judgment from the bench. Nonetheless, on November 7, before the entry of a written order on the posttrial motion, Freer appealed.[2] DAC timely cross-appealed the district court's judgment. See Iowa R. Civ. P. 6.101(2)(b ) (notice of cross-appeal must be filed within ten days after the filing of a notice of appeal). On appeal, Freer argues it was error for the district court to determine the posttrial motion as moot. She also asserts the high-low settlement agreement does not preclude the district court from hearing arguments and rendering a determination as to the propriety of the posttrial motion. Freer lastly contends the district court abused its discretion in denying the motions for mistrial. DAC argues the district court erred in denying its motion to exclude expert testimony and in granting Freer's motion in limine.
We retained the appeal. However, we determined the jurisdictional requirement of Iowa Rule of Appellate Procedure 6.101(1)(b ) was not met. Rule 6.101(1)(b ) requires "[a] notice of appeal must be filed within 30 days after the filing of the final order or judgment. " Iowa R. App. P. 6.101(1)(b ) (emphasis added). We previously addressed this jurisdictional requirement in Lutz v. Iowa Swine Exps. Corp. , 300 N.W.2d 109, 112 (Iowa 1981). We concluded "an oral order may be probative evidence as to the effective time of an order, but until it is in some manner reduced to writing and filed there is no competent evidence of the rendition of such order." Id. To support this conclusion, we cited caselaw stating "[t]he reason for requiring orders to be made in writing and recorded is that the court might change its ruling before the order is signed and entered." Id. at 111-12.
The jurisdictional rule at issue in Freer's appeal expressly identified that a final order or judgment must be filed before an appeal can be pursued. See Iowa R. App. P. 6.101(1)(b ). Accordingly, we remanded to the district court for the limited purpose of entry of a written order, nunc pro tunc, on the posttrial motion.[3] On February 15, 2019, the district court filed a written order that enforced the high-low settlement agreement and denied Freer's posttrial motion.[4]
II. Standard of Review.
A motion to enforce a settlement agreement is reviewed for correction of errors at law. Wright v. Scott , 410 N.W.2d 247, 249-50 (Iowa 1987). "The district court has authority to enforce settlement agreements made in a pending case." Gilbride v. Trunnelle , 620 N.W.2d 244, 249 (Iowa 2000).
III. Analysis.
Upon review, we consider Freer's posttrial motion waived. A moving party is deemed to have waived and abandoned *688 a posttrial motion when that party files a notice of appeal. IBP, Inc. v. Al-Gharib , 604 N.W.2d 621, 628 (Iowa 2000) ; In re Estate of Herron , 561 N.W.2d 30, 32 (Iowa 1997). Freer is the same party who filed the posttrial motion and who filed the notice of appeal. Therefore, Freer is deemed to have waived and abandoned her posttrial motion. See Lemke v. Albright , 383 N.W.2d 520, 522 (Iowa 1986) (reasoning if the abandonment of a posttrial motion perfected the appeal, logically an appeal is not abandoned by relying on a posttrial motion to extend time for appeal beyond the thirty-day period). A jurisdictional problem will not arise because the appeal is considered taken as a matter of right. IBP, Inc. , 604 N.W.2d at 628. "An appeal is taken and perfected by filing a notice of appeal with the clerk of court where the order, judgment or decree was entered." Wolf v. City of Ely , 493 N.W.2d 846, 848 (Iowa 1992) (en banc). In filing the notice of appeal, Freer divested the district court of jurisdiction over the posttrial motion. See IBP, Inc. , 604 N.W.2d at 628 ("Additionally, once the appeal is perfected, the district court loses jurisdiction to rule on the motion, and any such ruling has no legal effect."). "The general rule that the district court loses jurisdiction when an appeal is perfected has application when the appeal is taken before the filing of posttrial motions." Wolf , 493 N.W.2d at 848 (holding notice of appeal conferred jurisdiction onto the appellate court and divested the district court of jurisdiction to rule on the posttrial motion). Therefore, Freer waived the posttrial motion and divested the district court of jurisdiction. See IBP, Inc. , 604 N.W.2d at 628.
Our consideration of the jurisdictional issue is not precluded by the law of the case doctrine, which is "discretionary when applied to a coordinate court or the same court's own decisions." Bowling v. Pfizer, Inc. , 132 F.3d 1147, 1150 (6th Cir. 1998). Further, "[i]ssues such as 'subject matter jurisdiction' or 'appellate jurisdiction' may be 'particularly suitable for reconsideration.' " Kennedy v. Lubar , 273 F.3d 1293, 1299 (10th Cir. 2001) (quoting 18 Charles Alan Wright et al., Federal Practice & Procedure § 4478, at 799 n.32 (1981)). This is not a case where the appellate court has rendered a decision and remanded the case to the district court. See Lee v. State , 874 N.W.2d 631, 646 (Iowa 2016).
IV. Conclusion.
Given the procedural circumstances of this case, Freer has not preserved any issues for appellate review. We therefore affirm the district court's July 25, 2017 order entering judgment for DAC. DAC's cross-appeal is dismissed as moot.
AFFIRMED.
All justices concur except Mansfield, J., and Cady, C.J., and Waterman, J., who dissent.

Because Shelli Freer and Michael Sansom are in the same position in this appeal, we will refer to them both as "Freer."

Freer's posttrial motion for new trial tolled the thirty-day period within which to file an appeal. Iowa R. App. P. 6.101(1)(b ) (providing a notice of appeal must be filed thirty days after the filing of the order on the motion for new trial); Lutz v. Iowa Swine Exps. Corp. , 300 N.W.2d 109, 110 (Iowa 1981).

See Iowa R. App. P. 6.1004 ("The appropriate appellate court may on its own motion ... remand a pending appeal to the district court, which shall have jurisdiction to proceed as directed by the appellate court.").

On February 18, 2019, the district court entered a second written nunc pro tunc order to correct a typographical error in the February 15 order.