# IN THE COURT OF APPEALS OF IOWA

No. 19-0926
Filed January 23, 2020

**IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF DIANE FLORENCE NORELIUS,**

**JULIANN ELIZABETH NELSON and KRISTINE BETH NORELIUS,**
    Appellants.

_____

Appeal from the Iowa District Court for Crawford County, James S. Heckerman, Judge.

Appellants appeal the denial of their application for declaratory relief. **REVERSED AND REMANDED.**

Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellants.

Alyssa A. Herbold of Alyssa A. Herbold, P.L.C., Cherokee, attorney for ward.

A. Eric Neu of Neu, Minnich, Comito, Halbur, Neu & Badding, P.C., Carroll, guardian ad litem for ward.

Dean A. Fankhauser of Fankhauser Rachel, PLC, Sioux City, for intervenor Marcia Losh.

Rosalynd J. Koob of and Jacob V. Kline of Heidman Law Firm, P.L.L.C., Sioux City, for intervenor Denzil Nelson.

Considered by Bower, C.J., and Tabor and Mullins, JJ. Schumacher, J., takes no part.

**MULLINS, Judge.**

This is the third appeal from a proceeding to establish an involuntary guardianship and conservatorship.[1] Appellants Juliann Nelson and Kristine Norelius appeal the denial of their application for declaratory relief on jurisdictional grounds.[2]

On May 3, 2018, a guardianship and conservatorship were established over the appellants' mother, Diane Norelius. The appellants desired to be appointed guardians over Diane and another specific person be appointed sole conservator. The court did not grant their requests. In February 2019, the appellants filed an application for declaratory relief pursuant to Iowa Rule of Civil Procedure 1.1101. The motion advised that, on October 30, 2017, a physician examined Diane in order to assess the baseline of her cognitive functioning, after which he "recommended a neuropsychological re-evaluation on an outpatient basis in approximately 9–12 months and after the ward became medically and psychiatrically stable." According to the doctor's report, "The re-evaluation would

---

[1] In the first appeal, the appellants herein argued the court abused its discretion in its selection of guardian and one co-conservator, declining to reopen the record, sealing its final order of appointment, granting the ward's attorney's request for attorney fees, and only partially granting the appellants' attorney's request for attorney fees; in a ruling filed contemporaneously with this opinion, we affirmed on all issues. *See generally In re Guardianship & Conservatorship of Norelius*, No. 18-1273, 2020 WL _____ (Iowa Ct. App. Jan. 23, 2020).

In the second appeal, the appellants challenged a district court order awarding attorney fees to an intervenor in the proceedings; in a ruling also filed contemporaneously with this opinion, we affirmed. *See generally In re Guardianship & Conservatorship of Norelius*, No. 19-0210, 2020 WL _____ (Iowa Ct. App. Jan. 23, 2020).

[2] Although appellee's brief challenges whether appellants presented a justiciable controversy, that issue was not ruled upon by the district court and appellees did not cross appeal. That issue is not properly before us.

be beneficial in assisting with differential diagnoses, documenting changes in her cognitive and emotional functioning, and address[ing] further recommendations." The application for declaratory relief noted Diane had yet to be re-evaluated and requested the court order the guardian to arrange for one. *See* Iowa R. Civ. P. 1.1104(2). Diane's attorney moved to dismiss or strike the application as contrary to Diane's best interests. The guardian joined the motion to dismiss or strike. The appellants resisted.

A hearing was held in March, at which the court advised it would not address the appellants' application unless everyone agreed because there was a pending appeal in the matter. In its subsequent written order, the court concluded: "[T]he court lacks jurisdiction to rule on this issue due to the pending appeal. Furthermore, the court finds that multiple attorneys and fiduciaries are available to ensure that the Ward's medical and personal needs are met."

The appellants appeal. They argue the court erred in concluding it lacked jurisdiction to consider their application due to the pending appeal because the issue raised in their application was collateral to the issues pending on appeal and the district court was therefore not without jurisdiction to consider the application.

We review jurisdictional determinations for legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "As a general rule, a district court loses jurisdiction of the merits of a controversy once an appeal is perfected." *Id.* at 726; *accord Freer v. DAC, Inc.*, 929 N.W.2d 685, 688 (Iowa 2019). "An exception to this rule, however, permits the district court to retain jurisdiction over disputes that are collateral to the subject matter of the appeal." *Formaro*, 638 N.W.2d at 726. The district court is allowed to "resolve matters outside the issues on appeal." *Id.*

"The exception serves to expedite the resolution of disputes, particularly in probate and domestic relations cases where many matters collateral to those on appeal may surface." *Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 658 (Iowa 1995).

Two appeals in this matter preceded the appeal now before us. As noted above, the issues in those appeals concerned the appointment of the guardian and a co-conservator, the court declining to reopen the record and sealing its final order of appointment, and attorney fees. Whether the ward should be re-evaluated as previously recommended by a physician was not an issue raised in either appeal. While Diane's attorney characterizes the appellants' application as a challenge to the guardian's qualifications, we disagree; it was simply a request that she be directed to arrange for a re-evaluation. We conclude the appellants' application for a declaratory relief is a matter outside of the issues pending on appeal, and the district court therefore had jurisdiction to entertain it. *See Formaro*, 638 N.W.2d at 726.

Diane alternatively argues the court did not abuse its discretion in withholding hearing on the application because the application did not forward adequate grounds entitling the appellants to declaratory relief and therefore does not amount to a justiciable controversy. Rather than consider the merits of her argument for the first time on appeal, we find it more appropriate that the application be fully litigated before the district court than before an appellate court. *Cf. Iowa State Dep't of Health v. Hertko*, 282 N.W.2d 744, 755 (Iowa 1979) (declining, where district court improperly failed to consider the merits of a motion, to consider the merits on appeal and instead directing the same to be considered by the district court on remand).

The appellants request an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In determining whether to award attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *Id.* As Diane's attorney points out, the appellants "have not pointed to any evidence supporting their request or made any argument as to why those factors entitle[] them to such an award." We agree and deny the request.

We reverse the denial of the application for declaratory relief and remand the matter to the district court for a hearing on the application. We deny the appellants' request for appellate attorney fees. Cost on appeal shall be equally assessed between the appellants and the conservatorship.

**REVERSED AND REMANDED.**