# IN THE SUPREME COURT OF IOWA

No. 19–1572

Submitted October 15, 2020—Filed November 6, 2020

**EARL FREER,** Successor Administrator to SHELLI R. FREER, as Administrator of the Estate of NICOLE J. SANSOM, and **MICHAEL SANSOM,** Individually,

Appellants,

vs.

**DAC, INC.** d/b/a **PRAIRIE HOUSE,**

Appellee.

---

Appeal from the Iowa District Court for Jackson County, John D. Telleen, Judge.

The plaintiffs appeal the district court's denial of a motion to enforce a high-low agreement following a prior appeal in which we affirmed the judgment in favor of the defendant. **AFFIRMED.**

Per curiam.

Thomas Kyle of Hupy and Abraham, S.C., P.C., Milwaukee, WI, for appellants.

Patrick L. Woodward of McDonald, Woodward & Carlson, P.C., Davenport, for appellee.

**PER CURIAM.**

This is our second time addressing an appeal in this case. While the jury was deliberating, the parties in this lawsuit agreed to limit their risks with a high-low agreement. The deal put caps on what the plaintiff (an estate administrator named Earl Freer and an individual named Michael Sansom, referred to together as "Freer") would receive and what the defendant (an entity named DAC, Inc.) would pay: a $100,000 minimum if the jury returned a verdict any lower than that, and a $1 million maximum if the jury returned a verdict any higher than that. If the jury's verdict fell between $100,000 and $1 million, the jury's number would control.

The jury ultimately returned a verdict in favor of DAC, thus $0. The district court entered a judgment dated July 25, 2017, dismissing the case consistent with the verdict. But instead of demanding its $100,000 from DAC, Freer filed a posttrial motion with the district court seeking a new trial based on alleged errors during the trial and a change of venue. DAC, in response, filed a motion to enforce the high-low agreement and to strike Freer's posttrial motions as violations of the agreement. Freer filed a resistance to DAC's motion to enforce the agreement. The district court, at a hearing on the motions, said it would grant DAC's motion to enforce the agreement and strike Freer's posttrial motion as moot.

But before the district court issued a written order on the motions following the hearing, Freer filed an appeal. We retained the case. Our rules require the district court to file a written final order or judgment before an appeal can proceed. *See* Iowa R. App. P. 6.101(1)(*b*). We remanded the case to the district court to enter a written order on the competing posttrial motions nunc pro tunc. It did so, granting (as it

previously indicated it would) DAC's motion to enforce the agreement and striking Freer's posttrial motion.

We then picked up the appeal again. We held that because Freer filed the appeal before the district court filed its written ruling on the posttrial motions, Freer waived and abandoned these motions. *Freer v. DAC, Inc.*, 929 N.W.2d 685, 687–88 (Iowa 2019). The district court lost jurisdiction to rule on the posttrial motions the moment Freer filed his appeal, and we held the nunc pro tunc order was no fix. *Id.* at 688. Finding no issues preserved for appellate review, we affirmed the district court's July 25 order that entered judgment for DAC. *Id.*

Which brings us to this appeal. After we issued our opinion, DAC refused to pay the $100,000 under the high-low agreement. So in a role reversal, Freer filed a motion in the district court to enforce the high-low agreement. And in an identical role reversal, DAC resisted the motion and moved to strike Freer's motion. Freer argued that the district court's nunc pro tunc order granting DAC's own earlier motion to enforce the high-low agreement resolved any dispute on whether there existed an enforceable agreement, and that the district court should thus enforce the nunc pro tunc order granting DAC's motion to enforce the agreement. The district court disagreed, citing our opinion affirming the July 25 order that entered judgment for DAC. The district court thus denied Freer's motion to enforce the agreement, and Freer brought this appeal.

Freer's new appeal is an attack on the same July 25 order that we already affirmed in the first appeal, now just asserting different grounds. "It is the established rule that appeals may not be by piecemeal." *State v. Di Paglia*, 248 Iowa 97, 100, 78 N.W.2d 472, 473 (1956). Freer makes no attack on the judgment that couldn't have been raised in the prior appeal. Having challenged the judgment in the prior appeal and having received

an adverse ruling, "such is the law of the case and may not again be argued, even though a different reason for so claiming is now urged." *Id.* The tenets governing our review of Freer's current appeal are well-established:

> We are firmly committed to the doctrine that the legal principles announced and the views expressed by us in an opinion, right or wrong, are conclusively binding, throughout further progress of the case, upon the litigants, the trial court upon remand and this court in later appeals. Likewise, matters necessarily involved in the determination of a question are settled by the opinion when such matters are again presented on a subsequent appeal.

*Des Moines Bank & Tr. Co. v. Iowa S. Utils. Co. of Del.*, 245 Iowa 186, 189, 61 N.W.2d 724, 726 (1953).

Because Freer's present challenge to the judgment was already conclusively resolved in his prior appeal, we affirm the district court ruling. We offer no comment and express no opinion about any rights or defenses concerning enforcement of the high-low agreement that might be brought in a separate action.

**AFFIRMED.**

This opinion shall be published.