**IN THE COURT OF APPEALS OF IOWA**

No. 20-1082
Filed June 16, 2021

IN RE THE MARRIAGE OF CHERYL LYNN THOMAS
AND STEVEN ALLEN THOMAS

Upon the Petition of
CHERYL LYNN THOMAS,
     Petitioner-Appellee,

And Concerning
STEVEN ALLEN THOMAS,
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Steven Thomas appeals the order modifying the spousal support awarded to Cheryl Thomas in the 2016 decree dissolving their marriage. **AFFIRMED.**

Dawn Landon, Glenwood, for appellant.

Michael J. Winter, Council Bluffs, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Steven Thomas appeals the order modifying the spousal support awarded to Cheryl Thomas in the 2016 decree dissolving their marriage. The decree provided that Steven would pay Cheryl $2500 per month in spousal support until she reached the age of sixty-seven and $1250 per month thereafter.[1] At the time, Steven was earning over $100,000 per year working for Hewlett Packard Enterprises while Cheryl's earning ability is limited.

Anticipating that he would need additional income after retirement to meet his spousal support obligation, Steven began preparing to work as a clinical therapist when he retired from working in information technology. To that end, Steven started taking classes part-time at Bellevue University in the fall of 2017. But Steven's job at Hewlett Packard ended earlier than expected as part of a workforce reduction in August 2018. Based on his job loss, Steven petitioned to modify his spousal support obligation. Because Steven paid only half of the support due in August and no support for the month of September, Cheryl initiated contempt proceedings.

In December, the court temporarily reduced Steven's support payments to $830 per month based on Steven's testimony that he could earn $40,000 per year, and the court continued proceedings until April 1, 2019. The court also found Steven in contempt and sentenced him to thirty days in jail but gave Steven ninety

---

[1] This court affirmed the amount of spousal support after Cheryl appealed, seeking $4000 per month. *In re Marriage of Thomas*, No. 16-1838, 2017 WL 3684359, at *3 (Iowa Ct. App. June 21, 2017).

days to purge his contempt by paying what he owed. Steven failed to purge his contempt and served his thirty-day sentence in April.

Believing the Steven may have failed to disclose employment, Cheryl filed another contempt action on April 9, 2019. The court dismissed the action in May when Steven's father paid Cheryl $26,325, bringing Steven current on his spousal support obligation through May 2020. The court continued the modification proceedings until the following year.

The modification trial took place in July 2020. In its ruling, the court found that although Steven's job loss was outside his control, his decision to return to school and change careers was voluntary. It noted that Steven expected he would finish school in 2021 and then begin the 3000 hours of internship training required to become a fully licensed therapist. Steven anticipated being a fully licensed therapist in five years, after which he would earn $30,000 per year. But the court found that Steven is capable of earning at least $40,000 per year and should continue to pay $830 per month in spousal support. It noted that Steven could work part-time to meet his spousal support obligation.[2]

On appeal,[3] Steven challenges the reduced amount of spousal support awarded to Cheryl, claiming he is unable to pay $830 per month. Steven argues that he "is faced with a lifelong battle of contempt actions and continued poverty if alimony is not eliminated from his life." He cites his 2019 tax return, which shows

---

[2] As an example, the court calculated that working twenty hours per week at an hourly rate of $10.38 would net enough to meet the obligation.

[3] Steven moved the court to enlarge or amend its ruling but appealed before the court ruled on his motion, thereby waiving and abandoning it and divesting the district court of jurisdiction. *See Freer v. DAC, Inc.*, 929 N.W.2d 685, 687-88 (Iowa 2019).

an adjusted gross income of -$22,665. Steven notes that he needed to use money from his retirement account to pay living expenses while borrowing $78,000 in student loans to pay for school and relying on friends and family for housing. He also argues his retirement savings have been effectively depleted because of the remaining $35,752.55, the court has frozen $30,000 balance for the purpose of paying spousal support.

We review the district court's modification ruling de novo and disturb it only if it fails to do equity. *See In re Marriage of Michael*, 839 N.W.2d 630, 635 (Iowa 2013). We give weight to the district court's fact findings although they are not binding. *See In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016).

In order to modify an award of spousal support, the party seeking modification must show by a preponderance of the evidence a substantial change in circumstances. *See* Iowa Code § 598.21C(1) (2020); *Michael*, 839 N.W.2d at 636. Changes to a party's employment, earning capacity, income, or resources are considered in determining whether a substantial change has occurred. *See* Iowa Code § 598.21C(1)(a).

There is no question that Steven's involuntary loss of employment with Hewlett Packard was a substantial change in circumstances or that his earning capacity is substantially less than what he earned in that position. The question is how much Steven is reasonably capable of earning. The district court temporarily modified Steven's spousal support to $830 per month in December 2018 because it found that based on his own statement, Steven is capable of earning $40,000 per year. Little has changed since December 2018. Just as then, Steven is unemployed and attending school. But Steven is capable of working, even outside

the IT field; he already has a college degree and has demonstrated he can maintain long-term employment. Although Steven wishes to remain in school to eventually pursue a career in which he would earn $30,000 annually, it is not a basis on which to reduce spousal support. *See In re Marriage of Rietz*, 585 N.W.2d 226, 229-30 (Iowa 1998).

We affirm the modification order.

**AFFIRMED.**